IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GERALD J. COOK | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. WMN-14-3149 |
| WARDEN CHAPDELAINE | * | |
| Respondent | | |

*****

## MEMORANDUM

Gerald Jamar Cook ("Cook"), a prisoner housed at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this 28 U.S.C. § 2241 Petition on October 6, 2014. Affording the self-represented Petition a generous interpretation, Cook complains about an "involuntary transfer" to Connecticut and his inability to access Maryland law, statutes, and rules while in the out-of-state facility so as to continue his "legal fight." ECF No. 1. He claims that his transfer occurred without any form of a hearing and he was placed on administrative segregation in a Connecticut facility after already serving his segregation time in Maryland.[1] Cook complains that such an assignment violated his double jeopardy rights and his right to be free from cruel and unusual punishment. He asks to be transferred back to Maryland, so that he may have contact with his family and access to Maryland research materials. *Id.*

Cook, who has paid the $5.00 habeas filing fee, seeks federal habeas corpus relief. The case, however, shall be construed as a hybrid 42 U.S.C. § 1983 civil rights action and 28 U.S.C. § 2241 habeas corpus petition and shall be summarily dismissed.

---

[1] Attachments indicate that Cook was transferred to Connecticut pursuant to the Interstate Corrections Compact agreement. He was assigned to administrative segregation based upon his behavioral issues and his prior administrative segregation housing status while in the Maryland Division of Correction. When housed in Maryland in 2011, he was assigned to administrative segregation based an existing "enemy situation." ECF No. 1 at Attachments.

To the extent that plaintiff seeks declaratory relief under § 1983 to challenge his assignment to administrative segregation while in Connecticut, his claims shall be dismissed without prejudice.[2] Without commenting on the constitutional viability of such a claim, as all of the events giving rise to the alleged unconstitutional conduct occurred in Connecticut, it is clear there is no venue for this Court to take review over such claims. The claim is properly brought in the District of Connecticut, where Cook is currently in custody.

Further, to the extent that Cook is seeking to raise a § 2241 challenge to his transfer to Connecticut, the Court finds that it lacks jurisdiction. Jurisdiction over this habeas corpus petition lies in the federal district court where Cook's custodian is located. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (confirming that proper respondent in habeas action is a petitioner's warden);

---

[2] Prisoners maintain a fundamental constitutional right of meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821-22 (1977). This fundamental right is not diminished when inmates are transferred out of state. The Tenth Circuit has held that when a prisoner is transferred out of state, the sending state bears the burden of providing the required state legal materials. *See Clayton v. Tansy*, 26 F.3d 980, 982 (10th Cir. 1993).

The failure of the transferor state to provide the state legal materials does not, *ipso facto*, violate a Fourteenth Amendment right. In order for a prisoner to prove a violation of the constitutional right of access to the courts, he must show: (1) the failure of prison officials to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law; and (2) some quantum of detriment or prejudice caused by the challenged conduct of state officials resulting in the interruption and/or delay of the prisoner's pending or contemplated litigations. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).

The Court observes that in 1996, Cook was convicted of several charges in the Circuit Court for Prince George's County, Maryland. *See State v. Cook*, Case Number CT951837B. He alleges that the absence of Maryland research materials in the Connecticut facility hinders his ability to "continue his legal fight." At no point in time does he specifically indicate how he has been prejudiced by the absence of the legal materials. Maryland law provides for legal assistance in the filing of criminal appeals and collateral review petitions by the Office of the Maryland Public Defender in applicable cases. There has been no showing here that Cook has been unable to contact the Maryland courts, the Office of the Maryland Public Defender, or private counsel. He must show detriment or prejudice to his ability to attack his criminal convictions and has failed to so do.

2

*Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) (district court "may not entertain a habeas petition involving present physical custody unless respondent custodian is within its territorial jurisdiction").[3] After *Padilla*, a Court may only entertain a habeas petition involving current physical custody if the immediate custodian is within that court's jurisdiction. Cook filed this action while confined at the MacDougall-Walker Correctional Institution in Connecticut. He is not confined in Maryland. Given these circumstances, this Court has no personal jurisdiction to adjudicate his 28 U.S.C. § 2241 Petition. A separate Order will be entered reflecting this opinion.[4]

Date: October 28, 2014

/s/
William M. Nickerson.
Senior United States District Judge

---

[3] The proviso that district courts may issue the writ only "within their respective jurisdictions" forms an important corollary to the immediate custodian rule in challenges to present physical custody under 28 U.S.C. § 2241. Together they compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions: whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement. *See Padilla*, 542 U.S. at 446-47 (citations and footnote omitted).

[4] The Court observes that included in the envelope containing Cook's Petition and Attachments were two sealed envelopes from other inmates to be mailed to individuals in Bristol, Connecticut and Kings Mountain, North Carolina. *See* attached scanned envelopes. It is not clear whether the inclusion of the letters was an intentional or mistaken act, but they are not referred to in the Petition. In any event, this Court will not act as a substitute for the United States Postal Service. By separate letter it shall return the unopened letters to the Warden of the MacDougall-Walker Correctional Institution in Connecticut for any action deemed appropriate.